IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DR. CHARLENE KAVANAGH,

                Plaintiff,

  v.

WISCONSIN PSYCHOLOGY EXAMINING
BOARD, ITS STAFF AND INVESTIGATORS,
AND JACK R. ZWIEG, WISCONSIN
DEPARTMENT OF REGULATION AND
LICENSING,

                Defendant.

OPINION and ORDER

09-cv-60-slc

---

Plaintiff Charlene Kavanagh is a psychologist licensed by the State of Wisconsin. In this lawsuit, she asserts claims arising under 42 U.S.C. § 1983 and Wis. Stat. ch. 227. Her federal claims are that defendants violated her rights under the Fourth and Fourteenth Amendments when defendant Jack R. Zwieg used abusive, coercive, arbitrary and capricious techniques while investigating allegations of misconduct against plaintiff and while enforcing the applicable regulations. Plaintiff's state law claim is an administrative review of defendant Wisconsin Psychology Examining Board's decisions related to her federal claims. Defendants removed this case and have now moved first to sever and remand the state law claim, dkt. 10, and second for summary judgment as to the federal claims, dkt. 13. For the reasons stated below, I am granting defendants' motion for summary judgment. Because I am remanding plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c), I am denying as moot defendants' motion to sever and remand the state law claim. .

Plaintiff's § 1983 claims must be dismissed for several reasons. First, she has failed to respond to defendants' arguments on the merits of her claims. As to plaintiff's Fourth Amendment claim, defendant contends that plaintiff cannot prevail because she cannot identify

a privacy right related to the alleged government seizure, citing *Cardwell v. Lewis*, 417 U.S. 583, 589 (1974) ("Rather than property rights, the primary object of the Fourth Amendment was determined to be the protection of privacy.") (citations omitted).  In response, plaintiff does not deny that the alleged seizure must be related to some privacy right and does not attempt to identify a privacy right related to her psychology license, the property she contends defendants seized.

As to plaintiff's Fourteenth Amendment due process claim, defendant contends that the state provides a meaningful post-deprivation remedy for the limitations that have been imposed on her psychology license (the deprivation she identifies), and therefore that no due process violation has occurred.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (no due process claim for random and unauthorized deprivation of property if state provides meaningful post-deprivation remedy for loss).  In her response, plaintiff does not attempt to argue that *Hudson* does not apply to her case or attempt to show that the state does not provide meaningful post-deprivation remedies.  (Indeed, plaintiff is pursuing such a remedy in this lawsuit under Wis Stat. § 227.52, which allows licensees to challenge license restrictions in court.)

Second, plaintiff has failed to provide an adequate response to defendants' arguments that qualified immunity should be granted because plaintiff cannot establish that the alleged Fourth and Fourteenth Amendment violations were "clearly established" under federal law. *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 822 (2009); *see also Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007) (once defendant raises qualified immunity defense, plaintiff has burden to show it does not apply).  Plaintiff's sole response is that "[f]ull and complete discovery into the investigations that form the basis of these claims is needed" and there exist "substantial

2

issues of material fact." As to the first part, plaintiff has it backwards; defendant is entitled to *avoid* discovery if plaintiff does not establish grounds for overcoming qualified immunity because qualified immunity is a form of *immunity from suit*, not just from liability. *E.g., Pearson*, 129 S.Ct. at 818. As to the second part, plaintiff does not identify those "substantial issues of material fact" she believes would somehow interfere with finding qualified immunity.

This segues to the third problem: plaintiff did not submit *any* proposed findings of fact, nor did she attempt to oppose defendant's proposed findings of fact, despite the clear instructions for filing summary judgment materials that were attached to the preliminary pretrial conference order. Dkt. 9. The upshot of plaintiff's failure to propose facts is that her version of the story must be disregarded. This is not as harsh as it might seem because the only useful "facts" plaintiff attempted to propose were vague references in her brief to defendant Zwieg's allegedly "abusive, coercive, arbitrary, and capricious" investigation and enforcement against her, which are not specific enough to survive summary judgment and lack evidentiary support. Fed. R. Civ. P. 56(e)(2) (opposing party must "set out specific facts [supported by evidence] showing a genuine issue for trial.").

While plaintiff's failure to respond to facts means plaintiff cannot submit her side of the story, her failure to respond to defendant's arguments means she has waived the right to challenge those arguments. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (court held that plaintiff had waived right to challenge defendant's assertion of statute of limitations defense by failing to oppose defendant's argument in response to motion to dismiss); *Cincinnati Insurance Co. v. Eastern Atlantic Insurance Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (plaintiff's failure to mention defendant's argument regarding scope of insurance policy

exclusion treated as "acquiescence" to defendant's interpretation, rendering unnecessary any substantive determination by the court). Plaintiffs' failure to respond is equivalent to her conceding that she cannot establish the grounds for her alleged Fourth or Fourteenth Amendment violations and, that even if she could, defendants are entitled to qualified immunity.

Therefore, defendants are entitled to summary judgment on plaintiff's § 1983 claims and those claims will be dismissed.  Because these grounds apply to all defendants, I need not consider defendants' argument that certain defendants are not "persons" or are not sufficiently personally involved to be held liable under § 1983.

Because I am granting defendant's motion for summary judgment against plaintiff's § 1983 claims, I am denying as moot defendant's motion to sever those claims from the state law claims (dkt. 10).  But the court still must consider whether remand is proper under 28 U.S.C. § 1367(c)(3).  *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994) (once court dismisses federal claims, it should decide whether pendent state law claims should be dismissed or remanded under § 1367).  This question requires weighing judicial economy, convenience, fairness and comity.  *Id.*

As a general rule, "When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction." *Hansen v. Board of Trustees*, 551 F.3d 599, 608-09 (7th Cir. 2008). It is proper to retain jurisdiction over state law claims under § 1367 only in unusual circumstances, such as when the statute of limitations has run on a pendent claim, substantial judicial resources have been

expended on the claim or "it is absolutely clear how the pendent claim[] can be decided." *Wright*, 29 F.3d at 1251-52.

This case presents no "unusual circumstances" that weigh against the principle of comity: no judicial resources have been expended on the state law claim, remand would not affect the filing date for the purpose of the statute of limitations, and there is no suggestion that resolution of the state law claim is "absolutely clear."  Therefore, remand is proper.

ORDER

IT IS ORDERED that:

(1) The motion for partial summary judgment filed by defendants Wisconsin Psychology Examining Board, its staff and investigators and Jack R. Zweig, Wisconsin Department of Regulation and Licensing, dkt. 13, is GRANTED.  Plaintiff Charlene Kavanagh's claims that defendants violated her rights under the Fourth and Fourteenth Amendment while investigating allegations of misconduct against plaintiff and enforcing the applicable licensing regulations are DISMISSED with prejudice.

(2) Defendants' motion to sever and remand, dkt. 10, is DENIED as moot.

(3) This case is REMANDED to the Circuit Court for Dane County, Wisconsin for resolution of plaintiff's state law claim.

Entered this 9th day of June, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge